McNICHOLAS & McNICHOLAS, LLP
Matthew S. McNicholas, Esq. – State Bar No. 190249
Douglas D. Winter, Esq. - State Bar No. 150795
10866 Wilshire Boulevard, Suite 1400
Los Angeles, California 90024
Tel: (310) 474-1582
Fax: (310) 475-7871

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| KAREN ELLIOTT, AMANDA GOODRICH, STEVEN ELLIOTT, AMY MAREFAT, DARLA CASBY, SOMMER WALLS, BOBBY LEBER, CAITLYN ROE, NICHOLAS DeHARO, BRIANNE LEBER, by and through her Guardian ad Litem, Bobby Leber, and AUTUMN LEBER, by and through her Guardian ad Litem, Bobby Leber,<br><br>Plaintiffs,<br><br>vs.<br><br>CESSNA AIRCRAFT CO., a Kansas Corporation; TEXTRON AVIATION, INC., a Kansas Corporation; CONTINENTAL AEROSPACE TECHNOLOGIES, INC., a Delaware Corporation; ANTONIO PASTINI, as an individual and as the Settlor of the Antonio P. Pastini Living Trust dated November 21, 2011; THE ANTONIO P. PASTINI LIVING TRUST DATED NOVEMBER 21, 2011; THE ESTATE OF ANTONIO PASTINI; DEBORAH PASTINI, as Personal Representative of THE ESTATE OF ANTONIO PASTINI; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO. 8:20-cv-00378-SB-ADSx<br>*(Assigned to Hon. Judge Stanley Blumenfeld, Jr.)*<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **NEGLIGENCE (WRONGFUL DEATH & SURVIVAL ACTION)**<br>2. **STRICT PRODUTS LIABILITY**<br>3. **NEGLIGENCE (PRODUCTS LIABILITY)**<br>4. **BREACH OF WARRANTY (EXPRESS/IMPLIED/FITNESS)**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiffs KAREN ELLIOTT, AMANDA GOODRICH, STEVEN ELLIOTT, AMY MAREFAT, DARLA CASBY, SOMMER WALLS, BOBBY LEBER, CAITLYN ROE, NICHOLAS DeHARO, BRIANNE LEBER, by and through her Guardian ad Litem, Bobby Leber, and AUTUMN LEBER, by and through her Guardian ad Litem, Bobby Leber (hereinafter, collectively, "Plaintiffs") hereby demand a jury trial and complain and allege, based on information and belief, against Defendants CESSNA AIRCRAFT CO., TEXTRON AVIATION, INC., CONTINENTAL AEROSPACE TECHNOLOGIES, INC., ANTONIO PASTINI, as an individual and as the Settlor of the Antonio P. Pastini Living Trust dated November 21, 2011, THE ANTONIO P. PASTINI LIVING TRUST DATED NOVEMBER 21, 2011, THE ESTATE OF ANTONIO PASTINI, DEBORAH PASTINI, as Personal Representative of THE ESTATE OF ANTONIO PASTINI, and DOES 1 through 100, Inclusive, as follows:

On February 3, 2019, a Cessna 414 aircraft, tail number N414RS, (hereinafter the "SUBJECT AIRCRAFT") crashed in Yorba Linda, California when it experienced an in-flight breakup. Parts of the SUBJECT AIRCRAFT crashed through the house of Roy Anderson, killing Roy Anderson, Dahlia Leber-Anderson, Donald Elliott, and Stacie Leber (hereinafter, collectively, "Plaintiffs' Decedents"). The pilot of the SUBJECT AIRCRAFT, Antonio Pastini, was also killed.

## PARTIES

1. At all times relevant herein, Plaintiff KAREN ELLIOTT was an individual residing in Riverside County, State of California. Karen Elliott is the daughter of Decedent Roy Anderson and wife of Decedent Donald Elliott.

2. At all times relevant herein, Plaintiff AMANDA GOODRICH was an individual residing in Ouachita Parish, State of Louisiana. Amanda Goodrich is the daughter of Decedent Donald Elliott.

3. At all times relevant herein, Plaintiff STEVEN ELLIOTT was an individual residing in Riverside County, State of California. Steven Elliott is the son of Decedent Donald Elliott.

4. At all times relevant herein, Plaintiff AMY MAREFAT was an individual residing in Fayette County, State of Kentucky. Amy Marefat is the daughter of Decedent Donald Elliott.

5. At all times relevant herein, Plaintiff DARLA CASBY was an individual residing in the County of Orange, State of California. Darla Casby is the daughter of Decedent Roy Anderson.

6. At all times relevant herein, Plaintiff SOMMER WALLS was an individual residing in Pierce County, State of Washington. Sommer Walls is the daughter of Decedent Dahlia Leber-Anderson.

7. At all times relevant herein, Plaintiff BOBBY LEBER was an individual residing in Riverside County, State of California. Bobby Leber is the son of Decedent Dahlia Leber-Anderson and husband of Decedent Stacie Leber.

8. At all times relevant herein, Plaintiff CAITLYN ROE was an individual residing in Los Angeles County, State of California. Caitlyn Roe is the daughter of Decedent Stacie Leber.

9. At all times relevant herein, Plaintiff NICHOLAS DeHARO was an individual residing in the County of Orange, State of California. Nicholas DeHaro is the son of Decedent Stacie Leber.

10. At all times relevant herein, Plaintiff BRIANNE LEBER, by and through her Guardain ad Litem, Bobby Leber, was an individual residing in Riverside County, State of California. Brianne Leber is the minor daughter of Decedent Stacie Leber.

11. At all times relevant herein, Plaintiff AUTUMN LEBER, by and through her Guardain ad Litem, Bobby Leber, was an individual residing in Riverside County, State of California. Autumn Leber is the minor daughter of Decedent Stacie Leber.

12. Plaintiffs are informed and believe that at all times relevant herein, Defendant CESSNA AIRCRAFT CO. (hereinafter "CESSNA") was a corporation duly organized and existing in the State of Kansas with its principal place of business in Wichita, Kansas. Plaintiffs are further informed and believe that at all times herein mentioned, Defendant CESSNA and DOES 1–10, inclusive, are corporations or entities that have systematically done business in the State of California, including, but not limited to, in Orange County, through distribution, sale, and maintenance of its products and other items and through other actions.

13. Plaintiffs are further informed and believe that at all times relevant herein, Defendant CESSNA and DOES 1–10, inclusive, were in the business of designing, manufacturing,

First Amended Complaint for Damages

assembling, testing, inspecting, selling, distributing, maintaining, and repairing general aviation aircrafts and their component parts, and provided warnings and distributed warnings and advisements for their products including the SUBJECT AIRCRAFT and the SUBJECT AIRCRAFT's component parts including but not limited to all parts pertinent to the aircraft including the wings, airframe, landing gear, and other component parts of the aircraft. Plaintiffs are further informed and believe and thereon allege that Defendant CESSNA and DOES 1–10, inclusive, were responsible for writing, providing, editing, updating, and/or approving warnings and instructions, including, but not limited to, flight manuals, maintenance manuals, maintenance instructions, service bulletins, inspection schedules, and service lift schedules for the use of Cessna aircrafts, including the SUBJECT AIRCRAFT. Further, Defendant CESSNA and DOES 1–10, inclusive, expressly or impliedly warranted their aircrafts and the component parts of their aircrafts, including the SUBJECT AIRCRAFT and the component parts of the SUBJECT AIRCRAFT.

14.  Plaintiffs are informed and believe that at all times relevant herein, Defendant TEXTRON AVIATION, INC. (hereinafter "TEXTRON") was a corporation duly organized and existing in the State of Kansas with its principal place of business in Wichita, Kansas. Plaintiffs are further informed and believe that at all times herein mentioned, Defendant TEXTRON and DOES 11–20, inclusive, are corporations that have systematically done business in the State of California, including, but not limited to, in Orange County, through distribution, sale, and maintenance of its products and other items and through other actions.

15.  Plaintiffs are further informed and believe that at all times relevant herein, Defendant TEXTRON and DOES 11–20, inclusive, were in the business of designing, manufacturing, assembling, testing, inspecting, selling, distributing, maintaining, and repairing general aviation aircrafts and their component parts, including the SUBJECT AIRCRAFT and the SUBJECT AIRCRAFT's component parts. Plaintiffs are further informed and believe and thereon allege that Defendant TEXTRON and DOES 11–20, inclusive, were responsible for writing, providing, and/or approving warnings and instructions, including, but not limited to, flight manuals, maintenance manuals, maintenance instructions, service bulletins, inspection schedules,

and service lift schedules for the use of Cessna aircrafts, including the SUBJECT AIRCRAFT, and its various component and constituent parts. Further, Defendant TEXTRON and DOES 11–20, inclusive, expressly or impliedly warranty their aircrafts and the component parts of their aircrafts, including the SUBJECT AIRCRAFT and the SUBJECT AIRCRAFT's component parts.

16. Plaintiffs are informed and believe that at all times relevant herein, Defendant Ram Aircraft LP was a Texas limited partnership company organized and existing in Waco, Texas with its principle place of business in Waco, Texas. Ram Aircraft, LP was previously named as Defendant DOE 21. For the purposes of this First Amended Complaint, Defendant DOE 21 Ram Aircraft, LP will be referred to as "RAM AIRCRAFT."

17. Plaintiffs are informed and believe that Defendant RAM AIRCRAFT performed engine conversions and/or other major reconstructive work on the engine(s) of the SUBJECT AIRCRAFT in or around June 2018.

18. Plaintiffs are informed and believe that at all times relevant herein, Defendant CONTINENTAL AEROSPACE TECHNOLOGIES, INC. (hereinafter "CONTINENTAL") was a corporation duly organized and existing in the State of Delaware, with its principal place of business in Mobile, Alabama. Plaintiffs are further informed and believe that at all times herein mentioned, Defendants CONTINENTAL, RAM AIRCRAFT and DOES 22–30, inclusive, are corporations that have systematically done business in the State of California, including, but not limited to, in Orange County, through distribution, sale, and maintenance of its products and other items and through other actions.

19. Plaintiffs are further informed and believe that at all times relevant herein, Defendants CONTINENTAL, RAM AIRCRAFT and DOES 22–30, inclusive, were in the business of designing, manufacturing, assembling, testing, inspecting, selling, and distributing aircraft engines and their component parts, including, but not limited to, the engines of the SUBJECT AIRCRAFT and the engines' component parts. Plaintiffs are further informed and believe and thereon allege that Defendants CONTINENTAL, RAM AIRCRAFT, and DOES 22–30, inclusive, were responsible for writing, providing, and/or approving warnings and instructions, including, but not limited to, maintenance manuals, maintenance instructions, service bulletins, inspection

schedules, and service schedules for the use of Continental Motors engines, including those of the SUBJECT AIRCRAFT. Further, Defendants CONTINENTAL, RAM AIRCRAFT, and DOES 22–30, inclusive, expressly or impliedly warranty their engines and their component parts, including the engines of the SUBJECT AIRCRAFT and the component parts of the SUBJECT AIRCRAFT's engines.

20. Plaintiffs are informed and believe that at all times relevant herein, there existed various liability insurance policies that provided coverage for the pilot of the SUBJECT AIRCRAFT, Defendant Antonio Pastini (hereinafter "Pastini"). Plaintiffs are informed and believe that at all times relevant herein, Defendant THE ESTATE OF ANTONIO PASTINI (hereinafter "ESTATE") came into existence upon Defendant Antonio Pastini's death on February 3, 2019. Plaintiffs are further informed and believe that at all times relevant herein, Defendant Antonio Pastini was a resident of Douglas County in the State of Nevada. Administration of Antonio Pastini's Estate is now pending before the Ninth Judicial District Court for the State of Nevada in and for the County of Douglas, *In the Matter of Estate of Antonio Pastini, Deceased,* Case No. 19-PB-0092.

21. Plaintiffs are informed and believe and thereon allege that ANTONIO PASTINI was the pilot of the SUBJECT AIRCRAFT and perished in the accident, that ANTONIO PASTINI is the settlor of the ANTONIO P. PASTINI LIVING TRUST DATED NOVEMBER 21, 2011, and that DEBORAH PASTINI is the duly qualified and acting Personal Representative of THE ESTATE OF ANTONIO PASTINI. Plaintiffs are further informed and believe that at all times relevant herein, DEBORAH PASTINI was a resident of Douglas County in the State of Nevada. Plaintiffs, and each of them, are alleging their claims against all these individuals, entities, estates, trusts, settlors, personal representatives, trustees, and beneficiaries.

22. Plaintiffs are ignorant to the true names and capacities of any defendants designated herein as DOES 1 through 20 and 22 through 100, inclusive, and Plaintiffs therefore sue said defendants by such fictitious names, pursuant to Code of Civil Procedure § 474. Plaintiffs are informed and believe and, on such information and belief, allege that each Doe defendant is

responsible in some manner for the events alleged herein, and Plaintiffs will amend the complaint to state the true names and capacities of said defendants when the same have been ascertained.

23. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, Defendants DOES 1–20 and 22–100, inclusive, and each of them, are individuals, businesses, public entities, or otherwise, and the precise nature of which is not presently known to Plaintiffs, and said Defendants were and are authorized to do business in the State of California, including, but not limited to, in the County of Orange, California. Once the exact nature of said Defendants is ascertained by Plaintiffs, Plaintiffs will amend this Complaint to allege Defendants' correct status and capacity.

24. Defendants and DOES 1–100 are and, at all times mentioned herein, were the agents, servants, and employees and/or joint venturers of their Co-Defendants and, in doing the things herein alleged, were acting within the course, scope, purpose and authority of said agency, employment, and/or joint venture and as agents, servants, and employees acted with the permission and consent of their Co-Defendants and/or said acts and/or omissions were ratified by their Co-defendants. That and each and every Defendant as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every Defendant as an agent, servant, employee, or joint venture.

## GENERAL ALLEGATIONS

25. On February 3, 2019, Plaintiffs' Decedents and Plaintiffs KARREN ELLIOTT, STEVEN ELLIOTT, DARLA CASBY, and BOBBY LEBER gathered in the Yorba Linda home of Decedent Roy Anderson and Decedent Dahlia Leber-Anderson for Superbowl Sunday.

26. Plaintiffs are informed and believe and thereon allege that on February 3, 2019 at approximately 1:39 p.m. (PST), the SUBJECT AIRCRAFT, piloted by Antonio Pastini, departed from Fullerton Municipal Airport in Fullerton, California with a planned destination of Minden-Tahoe Airport in Minden, Nevada.

27. Plaintiffs are informed and believe and thereon allege that at approximately 1:45 p.m., the SUBJECT AIRCRAFT experienced an in-flight breakup over Yorba Linda, California.

28. Plaintiffs are informed and believe and thereon allege that the SUBJECT AIRCRAFT's tail and wing appeared to break apart from the SUBJECT AIRCRAFT in-flight as it made a rapid descent from 7,800 feet.

29. Plaintiffs are informed and believe and thereon allege that the SUBJECT AIRCRAFT caught on fire in-flight and remained ignited as it plummeted to the ground.

30. Plaintiffs are informed and believe and thereon allege that one of the SUBJECT AIRCRAFT's wings, which also contained the fuel tank, crashed through the house owned by Decedent Roy Anderson and Decedent Dahlia Leber-Anderson. The crash caused the house to burst into flames and killed Roy Anderson, Dahlia Leber-Anderson, Donald Elliott, and Stacie Leber. Plaintiffs KAREN ELLIOTT and STEVEN ELLIOTT were able to escape the house but sustained severe burns.

31. Decedent Roy Anderson is survived by his children, Plaintiffs KAREN ELLIOTT and DARLA CASBY. Decedent Dahlia Leber-Anderson is survived by her children, Plaintiffs SOMMER WALLS and BOBBY LEBER. Decedent Donald Elliott is survived by his wife, Plaintiff KAREN ELLIOTT, and his children, Plaintiffs AMANDA GOODRICH, STEVEN ELLIOTT, and AMY MAREFAT. Decedent Stacie Leber is survived by her husband, BOBBY LEBER, and her children, CAITLYN ROE, NICHOLAS DeHARO, BRIANNE LEBER, and, AUTUMN LEBER.

32. Plaintiffs are informed and believe and thereon allege that the severity of the violence of the impact of the SUBJECT AIRCRAFT caused the deaths of Roy Anderson, Dahlia Leber-Anderson, Stace Leber, and Donald Elliott and caused severe injury, damage to property, pain, suffering, mental anguish, fear, and emotional distress to Plaintiffs.

33. As a direct consequence and result of the crash of the SUBJECT AIRCRAFT on February 3, 2019 and the matters herein alleged, Plaintiffs have sustained general damages for pain and suffering, mental anguish, psychological and emotional distress, and fear of death and burning.

34. As a direct consequence and result of the crash of the SUBJECT AIRCRAFT on February 3, 2019 and the matters herein alleged, Plaintiffs have sustained economic, non-economic, pecuniary, and exemplary damages, together with the loss of the future contributions

from Decedents, the value of personal services, the loss of the advice or training Decedents would have provided to their dependents, the loss of the Decedents' love, companionship, comfort, affection, society, solace, and moral support and/or have suffered mental shock and suffering, grief and sorrow, the loss of companionship and deprivation of society, loss of Decedents' experience, knowledge, and judgment in business affairs, loss of Decedents' protection; and loss of education and training to the children, as well as lost inheritance, loss of accumulations to the estate, funeral and burial expenses, property damages, and all other damages available by law.

35. Immediately prior to their deaths, and as a direct consequence and result of the matters herein alleged, Plaintiffs' Decedents suffered pre-impact fear and terror, physical injury, pain and suffering, property damage, and were injured in a personal and pecuniary matter.

36. As a direct consequence and result of the crash of the SUBJECT AIRCRAFT on February 3, 2019, Plaintiffs' Decedents' personal property was damaged and lost and/or destroyed.

37. As a direct consequence and result of the crash of the SUBJECT AIRCRAFT and the matters alleged herein, Plaintiff KAREN ELLIOTT, wife of Decedent Donald Elliott and daughter of Decedent Roy Anderson, perceived her husband's and father's injury-producing event as it was occurring. Plaintiff KAREN ELLIOTT was present and perceived the SUBJECT AIRCRAFT crash into her father's house and kill both her father and her husband.

38. As a direct consequence and result of the crash of the SUBJECT AIRCRAFT and the matters alleged herein, Plaintiff STEVEN ELLIOTT, son of Decedent Donald Elliott, perceived his father's injury-producing event as it was occurring. Plaintiff STEVEN ELLIOTT was present and perceived the SUBJECT AIRCRAFT crash into the house and kill his father.

39. On December 14, 2019, within the time allowed by law, Plaintiffs filed a Creditor's Claim with the clerk of the court in Douglas County, State of Nevada and mailed a copy to the Personal Representative of Pastini's Estate. On January 8, 2020, Plaintiffs were served with DEBORAH PASTINI's Notice of Partial Acceptance and Partial Rejection of Plaintiffs' Creditor's Claim. No part of this Creditor's Claim for $10,000,000 has been paid by Pastini, his successor(s) in interest, the Personal Representative of Pastini's Estate, or any other person.

# FIRST CAUSE OF ACTION

## NEGLIGENCE (WRONGFUL DEATH AND SURVIVAL ACTION)

**(Brought by PLAINTIFFS Against ANTONIO PASTINI as an individual and as Settlor of the Antonio P. Pastini Living Trust Dated November 21, 2011, THE ANTONIO P. PASTINI LIVING TRUST DATED NOVEMBER 21, 2011, THE ESTATE OF ANTONIO PASTINI and DEBORAH PASTINI as the personal representative of the Estate and in whatever other capacity she may be acting concerning the claims against Antonio Pastini and concern the management and handling of his assets)**

40. Plaintiffs reallege and incorporate each and every allegation contained in the Complaint as if fully stated herein.

41. Because Defendant ANTONIO PASTINI died as a result of the crash of the SUBJECT AIRCRAFT, PLAINTIFFS, and each of them, are asserting these claims against Defendant PASTINI as an individual with assets who was insured, as the settlor of The Antonio P. Pastini Living Trust Dated November 21, 2011, THE ANTONIO P. PASTINI LIVING TRUST DATED NOVEMBER 21, 2011, THE ESTATE OF ANTONION PASTINI, DEBORAH PASTINI, the Personal Representative to THE ESTATE OF ANTONIO PASTINI and whatever other capacity DEBORAH PASTINI may be acting concerning claims against Antonio Pastini and his assets and his insurance policies and concerning the management and handling of his assets and insurance policies.

42. Defendants PASTINI, ESTATE, LIVING TRUST, and DEBORAH PASTINI owed Plaintiffs' Decedents a legal duty of reasonable and ordinary care to maintain, inspect, control, pilot, and operate the SUBJECT AIRCRAFT. Defendant PASTINI had a duty to pilot, operate, and/or fly the SUBJECT AIRCRAFT pursuant to all applicable rules and codes, including those set forth by the Federal Aviation Administration. Defendant PASTINI had a duty to ensure that the SUBJECT AIRCRAFT was free from any mechanical and/or other defects.

43. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, PASTINI, ESTATE, LIVING TRUST, and DEBORAH PASTINI failed to properly maintain, inspect, control, pilot, and operate the SUBJECT AIRCRAFT and were either poorly trained and/or

failed to follow proper training, and were otherwise negligent in the operation of the SUBJECT AIRCRAFT both pre-flight and during flight. In failing to ensure that the SUBJECT AIRCRAFT was free of manufacturing, mechanical, and/or other defects and in failing to properly maintain, inspect, control, and operate the SUBJECT AIRCRAFT in an otherwise reasonably and ordinarily safe manner, PASTINI, ESTATE, LIVING TRUST, and DEBORAH PASTINI breached the legal duty of care owed to Plaintiffs, and each of them.

44.  As a direct result of the negligent failure to ensure that the SUBJECT AIRCRAFT was free of manufacturing, mechanical, and/or other defects and the failure to properly maintain, inspect, control, and operate the SUBJECT AIRCRAFT in an otherwise reasonably and ordinarily safe manner, the SUBJECT AIRCRAFT broke apart mid-flight, caught fire, and violently crashed to the ground and into Plaintiffs' Decedents' residence. Decedents Roy Anderson, Dahlia Leber-Anderson, Donald Elliott, and Stacie Leber were killed when the SUBJECT AIRCRAFT crashed into the house and caught fire. Plaintiffs KAREN ELLIOTT and STEVEN ELLIOT were narrowly able to extricate themselves from the burning house, however, not before their clothing and persons were set on fire, severely burning their bodies and resulting in permanent physical and emotional injuries.

45.  The crash of the SUBJECT AIRCRAFT and resulting injuries were caused and contributed to by the breach of Defendants' duty of care owed to Plaintiffs and Plaintiffs' Decedents, and by Defendants' careless, negligent, unlawful, and wrongful acts and/or omissions in the maintenance, inspection, control, operation, repair, service, and/or operation of the SUBJECT AIRCRAFT.

46.  As a direct and proximate result of the acts and/or omissions of Defendants PASTINI, ESTATE, LIVING TRUST, and DEBORAH PASTINI, Plaintiffs have been deprived the love, care, companionship, and support of Decedents, causing irreversible injury to Plaintiffs. As a direct and proximate result of the acts and/or omissions of Defendants PASTINI, ESTATE, LIVING TRUST, and DEBORAH PASTINI, Plaintiffs and Plaintiffs' Decedents suffered pain, discomfort, anxiety, extreme emotional distress, shock, medical expenses, and injury, as well as other damages, all in an amount according to proof and in excess of the jurisdictional limits.

47. As a further direct result of the aforesaid conduct of Defendants PASTINI, ESTATE, LIVING TRUST, and DEBORAH PASTINI, Plaintiffs KAREN ELLIOTT and STEVEN ELLIOTT were hurt and injured in their health, strength, and activity and sustained injuries to their bodies and shock and injury to their nervous system and person, all of which said injuries have caused and continue to cause great physical, mental, and nervous pain and suffering. Said injuries will result in permanent disability, all to Plaintiffs' general damage in an amount that will be stated according to proof and is in excess of the jurisdictional limits.

48. As a direct and proximate result of the acts and/or omissions of Defendants PASTINI, ESTATE, LIVING TRUST, and DEBORAH PASTINI, Plaintiffs were compelled to and did employ the service of hospitals, physicians, surgeons, nurses, and the like to care for and treat them for the above-described injuries, and did incur hospital, medical, professional, and incidental expenses, and by reason of said injuries they will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which will be stated according to proof.

## SECOND CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

**(Brought by PLAINTIFFS Against DEFENDANTS CESSNA, TEXTRON, CONTINENTAL, RAM AIRCRAFT, and DOES 1–30)**

49. Plaintiffs reallege and incorporate each and every allegation contained in the Complaint as if fully stated herein.

50. At all times relevant herein, Defendants CESSNA, TEXTRON, and DOES 1–20, inclusive, and each of them, by and through their officers, directors, employees, and/or managing agents, were the manufacturers, fabricators, designers, assemblers, testers, distributors, buyers, sellers, inspectors, installers, servicers, marketers, warrantors, and/or advertisers of the SUBJECT AIRCRAFT and/or its component parts, which contained design and/or manufacturing defects, and was capable of causing, and in fact did, cause personal injuries while being used in a manner reasonably foreseeable, thereby rendering the same unsafe and dangerous for the innocent bystander. Additionally, Defendants CESSNA, TEXTRON, and DOES 1–20 wrote, approved, and

provided inadequate warnings and instructions for the use, operation, inspection, and/or maintenance of the SUBJECT AIRCRAFT and its component parts, and otherwise failed to provide proper and adequate warnings.

51. At all times relevant herein, Defendants CONTINENTAL, RAM AIRCRAFT, and DOES 22–30, inclusive, and each of them, by and through their officers, directors, employees, and/or managing agents, were the manufacturers, fabricators, designers, assemblers, testers, distributors, buyers, sellers, inspectors, installers, servicers, marketers, warrantors, and/or advertisers of the SUBJECT AIRCRAFT's engines and/or the engines' component parts, which contained design and/or manufacturing defects, and which were capable of causing, and in fact did, cause personal injuries while being used in a manner reasonably foreseeable, thereby rendering the same unsafe and dangerous for the innocent bystander. Additionally, Defendants CONTINENTAL, RAM AIRCRAFT, and DOES 22–30 wrote, approved, and provided inadequate warnings and instructions for the use, operation, inspection, and/or maintenance of the SUBJECT AIRCRAFT's engines and/or their component parts, and otherwise failed to warn properly.

52. On February 3, 2019, the SUBJECT AIRCRAFT, its engines, accessories, appliances, component parts, manuals and documentation, including its instructions and warnings, were being operated and used for the purposes and in the manner for which they were designed, manufactured, assembled, inspected, tested, sold, and intended to be used and were used in a manner that was reasonably foreseeable to Defendants and in a condition without substantial change from their original condition when they were sold by Defendants CESSNA, TEXTRON, CONTINENTAL, RAM AIRCRAFT, and DOES 1–30, inclusive, and each of them.

53. On February 3, 2019, the SUBJECT AIRCRAFT, its engines, accessories, appliances, component parts including but not limited to the wings and airframe, manuals and documentation, including its instructions and warnings, and service bulletins and/or lack thereof, had defects and were defective and unreasonably dangerous and unsafe by reason of Defendants' defective design, manufacture, assembly, inspection, testing, warnings, instructions, sale, service repair, and maintenance of the SUBJECT AIRCRAFT, its engines, accessories, appliances, component parts, manuals and documentation, including its instructions and warnings and failure

to provide necessary operational data and important information regarding the SUBJECT AIRCRAFT.

54. The SUBJECT AIRCRAFT, as designed, manufactured, and sold with said manufacturing and design defects and warning defects, was capable of causing, and in fact did cause, catastrophic personal injuries and deaths to the user, consumer, and bystanders, including Plaintiffs' Decedents and Plaintiffs, while being used in a manner reasonably foreseeable, thereby rendering the same unsafe and dangerous for use by the consumer, user, and/or bystander.

55. On February 3, 2019, the SUBJECT AIRCRAFT and/or its component parts, including, but not limited to, its engines and their constituents parts, were defective, not fit for their intended purposes, and unreasonably dangerous by reason of defective design, manufacture, assembly, inspection, testing, warning, instruction, sale, lease, service, repair, and/or maintenance, and inadequate warnings on the part of Defendants CESSNA, TEXTRON, CONTINENTAL, RAM AIRCRAFT, and DOES 1–30, and each of them.

56. Said failure, crash, injuries, and deaths were caused by the aforementioned defects and defective and unreasonably dangerous and unsafe condition of the SUBJECT AIRCRAFT, its engines, accessories, appliances, component parts, manuals, documentation, including its instructions and warnings, and the failure of Defendants to remedy the dangerous characteristics of the SUBJECT AIRCRAFT, its engines, and/or its component parts.

57. As a direct result and consequence of the acts and/or omissions of Defendants, the SUBJECT AIRCRAFT crashed, killing Plaintiffs' Decedents and severely and permanently injuring Plaintiffs.

**THIRD CAUSE OF ACTION**

**NEGLIGENCE (PRODUCTS LIABILITY)**

**(Brought by PLAINTIFFS Against DEFENDANTS CESSNA, TEXTRON, CONTINENTAL, RAM AIRCRAFT, and DOES 1–30 and 60-70)**

58. Plaintiffs reallege and incorporate each and every allegation contained in the Complaint as if fully stated herein.

59. Defendants CESSNA, TEXTRON, CONTINENTAL, RAM AIRCRAFT, and DOES 1–30, inclusive, and each of them, had a duty to Plaintiffs and Plaintiffs' Decedents to use reasonable care in manufacturing, designing, assembling, inspecting, testing, servicing, and repairing the SUBJECT AIRCRAFT, its engines, accessories, appliances, component part, manuals, and documentation, including its instructions, manuals, and warnings.

60. The crash of the SUBJECT AIRCRAFT on February 3, 2019 resulting in the deaths of Plaintiffs' Decedents were caused and contributed to by the breach of Defendants' CESSNA, TEXTRON, CONTINENTAL, RAM AIRCRAFT, and DOES 1–30 duty of care owed to Plaintiffs and by Defendants' careless, negligent, unlawful, and wrongful acts and/or omissions. Defendants CESSNA, TEXTRON, CONTINENTAL, RAM AIRCRAFT, and DOES 1–30, inclusive, and each of them, breached said duty in that they carelessly manufactured, designed, assembled, inspected, tested, distributed, sold, serviced, maintained, and repaired the SUBJECT AIRCRAFT, its engines, accessories, appliances, and component parts. Additionally, Defendants CESSNA, TEXTRON, CONTINENTAL, RAM AIRCRAFT, and DOES 1–30, inclusive, and each of them, breached their duty of care in relation to the SUBJECT AIRCRAFT's manuals and documentation, including its instructions and warnings related to the SUBJECT AIRCRAFT, its engines, accessories, appliances, and component parts. Further, Defendants carelessly failed to warn of the catastrophic dangers inherent of the SUBJECT AIRCRAFT, its engines, accessories, appliances, and component parts through the instructions and warnings for the SUBJECT AIRCRAFT, its engines, accessories, appliances, component parts, manuals, and documentation, including its instructions and warnings, flight manual, maintenance manual, maintenance instructions, service bulletins, inspection schedule, and service life schedules.

61. Defendant Does 60-70, whose identities are unknown at this time, at all times pertinent hereto acted negligently and/or below the applicable standard of care in their storage, maintenance, use, servicing, repair, installation, training, warning, and inspection of the SUBJECT AIRCRAFT and its constituent parts.

62. As a direct result and consequence of the acts and/or omissions of Defendants, the SUBJECT AIRCRAFT crashed and killed Plaintiffs' Decedents. As a direct result thereof,

Plaintiffs' Decedents were fatally injured and damaged as alleged herein.

# FOURTH CAUSE OF ACTION

## BREACH OF WARRANTY (EXPRESS/IMPLIED/FITNESS)

**(Brought by PLAINTIFFS Against DEFENDANTS CESSNA, TEXTRON, CONTINENTAL, RAM AIRCRAFT, DOES 1–30, and DOES 60-70)**

63. Plaintiffs reallege and incorporate each and every allegation contained in the Complaint as if fully stated herein.

64. Prior to February 3, 2019, Defendants CESSNA, TEXTRON, CONTINENTAL, RAM AIRCRAFT, and DOES 1–30 and DOES 60-70, inclusive, and each of them, expressly and/or impliedly warranted and represented that the SUBJECT AIRCRAFT, its engines, accessories, appliances, component parts, manuals, documentation, including its instructions and warnings, as well as the servicing, inspections, maintenance, storage, training, and warnings were airworthy, of merchantable quality, fit, and safe for the purpose for which they were designed, manufactured, assembled, inspected, tested, sold, serviced, repaired, maintained, intended, and used, and Defendants, and each of them, further warranted that the SUBJECT AIRCRAFT, including, but not limited to, the SUBJECT AIRCRAFT's engines, accessories, appliances, maiontenance, servicing, repairs, and component parts were free from all defects.

65. Defendants CESSNA, TEXTRON, CONTINENTAL, RAM AIRCRAFT, DOES 1–30, and DOES 60-70, inclusive, and each of them, breached said warranties in that the SUBJECT AIRCRAFT, its engines, accessories, appliances, component parts, manuals, documentation, including its instructions, and its servicing, repairs, maintenance, storage, and warnings were not airworthy, of merchantable quality, or fit and safe for the purposes for which it was designed, manufactured, assembled, inspected, tested, sold, serviced, repaired, maintained, intended, and used, and further was not free from all defects.

66. As a direct result and consequence of the acts and/or omissions of Defendants, the SUBJECT AIRCRAFT crashed and killed Plaintiffs' Decedents. As a direct result thereof, Plaintiffs' Decedents were fatally injured and damaged as alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, the wrongful death and survivor Plaintiffs pray for judgment against Defendants, and each of

1. For pain and suffering, mental anguish, psychological and emotional distress, and disfigurement of Plaintiffs' Decedents prior to their death, and for their pre-impact fear of death;
2. Loss of care, comfort, love, society, solace, moral support, companionship, guidance, and services of the Decedents to the survivors, beneficiaries, and heirs and the resulting grief and sorrow;
3. Loss of support and services in money or in kind;
4. Loss of net accumulations;
5. Loss of earnings and earning capacity;
6. Loss of inheritance;
7. Funeral and burial expenses;
8. Mental shock and suffering, wounded feelings, grief, and sorrow;
9. Loss of Decedents' experience, knowledge, and judgment in business affairs;
10. Loss of Decedents' protection;
11. Loss of education and training to the children;
12. Property damage;
13. For medical and incidental expenses in an amount to be proven;
14. Punitive damages;
15. Prejudgment interest;
16 For cost of suit and attorney fees incurred herein as may be allowed by law; and,

///
///
///
///
///

17. For any other damages to which Plaintiffs and/or the beneficiaries may be entitled under all applicable laws.

Dated: March 11, 2021

MCNICHOLAS & MCNICHOLAS, LLP

By: /s/ Douglas D. Winter
Matthew S. McNicholas
Douglas D. Winter
Attorneys for Plaintiffs

First Amended Complaint for Damages

**DEMAND FOR JURY TRIAL**

Plaintiff KAREN ELLIOTT, AMANDA GOODRICH, STEVEN ELLIOTT, AMY MAREFAT, DARLA CASBY, SOMMER WALLS, BOBBY LEBER, CAITLYN ROE, NICHOLAS DeHARO, BRIANNE LEBER, by and through her Guardian ad Litem, Bobby Leber, and AUTUMN LEBER, by and through her Guardian ad Litem, Bobby Leber hereby demand a trial by jury.

Dated: March 11, 2021                MCNICHOLAS & MCNICHOLAS, LLP


By: /s/ Douglas D. Winter
    Matthew S. McNicholas
    Douglas D. Winter
    Attorneys for Plaintiffs