# RELEASE AGREEMENT

1. This Release Agreement is made and entered into by:

    (a) Karen Elliott;

    (b) Amanda Goodrich;

    (c) Steven Elliott;

    (d) Amy Marefat;

    (e) Darla Casby;

    (f) Sommer Walls;

    (g) Bobby Leber;

    (h) Caitlyn Roe;

    (i) Nicholas DeHaro;

    (j) Brianne Leber; and

    (k) A██████ L████, by and through her Guardian ad Litem, Bobby Leber.

These persons are collectively referred to herein as "Releasors".

2. Releasors filed a First Amended Complaint in the United States District Court for the Central District of California, Southern Division, Case No. 8:20-cv-00378-SB-ADSx ("Complaint"). In this litigation, Releasors alleged causes of action against RAM Aircraft, LP, and others, arising out of an airplane accident that occurred on or about February 3, 2019 (the "Accident") in which an airplane piloted by Antonio Pastini crashed in or near Yorba Linda, California. Roy Anderson, Dahlia Leber-Anderson, Donald Elliott, and Stacie Leber died, and Karen Elliott and Steven Elliott suffered injuries as a result of the Accident.

3. This Release Agreement protects RAM Aircraft, LP and its shareholders; members; owners; parents; parent corporations; parent entities; subsidiaries; affiliates and related entities; former and current employees; directors; officers; managers; agents; insurers; predecessors; and successors of RAM Aircraft, LP and each of the above. These and entities are collectively referred to herein as "Releasees."

4. In exchange for the payment of $5,000 ("Total Settlement Payment") by
or on behalf of RAM Aircraft, LP to Releasors, Releasors hereby fully, finally, and
completely release Releasees from any and all claims (including but not limited to
burial and funeral expenses and damage to or loss of property of any kind),
demands, actions, causes of action of every nature, whether currently known or
later discovered, ("Claim or Claims") that have been, or might be, asserted by any
of them or by a Personal Representative of or on behalf of an Estate of Roy
Anderson, Dahila Leber-Anderson, Donald Elliott, or Stacie Leber to recover any
damages or other forms of relief, whether currently known or later discovered,
against Releasees, or any of them, including but not limited to those that arise out
of the Accident.

5. Releasors and Releasees wish to avoid further litigation concerning any
and all Claims that Releasors have, or might have, against any of Releasees.
Releasors and Releasees intend that this Release Agreement serve to fully, finally,
and completely extinguish and forever discharge any such Claims.

6. This Release Agreement and the payment on behalf of Releasees are in
compromise of disputed Claim or Claims.  Releasors promise and agree that they
will not assert that this Release Agreement or the payment by or on behalf of
Releasees are admissions of liability, any liability being expressly denied by
Releasees.

7. Payment of the Total Settlement Payment shall be made by Releasees to
The Trust Account of McNicholas & McNicholas, LLP within 30 days of the
satisfaction of the following conditions:

> (a) Receipt by counsel for Releasees of a copy of this Agreement
> signed by the Releasors;
>
> (b) Receipt of an e-mail or letter by counsel for Releasors to
> counsel for Releasees that this settlement was in good faith;
> and
>
> (c) Court approval of a minor's compromise for minor Releasor
> A████ L████

8. Within 5 days of receipt of the Total Settlement Payment, Releasors shall
execute a stipulation for voluntary dismissal, with prejudice and without costs to
any party, of the Claims in the Complaint against RAM Aircraft, LP, and they will
not otherwise allege any Claim against Releasees that arise out of the Accident.

9. It is further understood and agreed that all rights under Section 1542 of the Civil Code of the State of California are hereby waived, which section reads as follows:

> A general release does not extend to Claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

10. Releasors and Releasees shall each be responsible for their own respective costs, expert fees, and legal fees incurred in connection with the above-referenced action.

11. Releasors shall defend, indemnify, and otherwise hold Releasees harmless from any and all Claims, expenses, fees, and penalties that arise out of the Accident asserted by:

(a) a Releasor or Releasors;

(b) any successor in interest of a Releasor, including any receiver trustee, or guardian;

(c) any lien that is asserted against one or more Releasees, including liens by medical insurance carriers, medical and health care providers, Medicare, Medicaid, or SSDI;

(d) any provider of medical, funeral, or burial services; or

(e) any other person or entity, including on behalf of the Estates of Roy Anderson, Dahila Leber-Anderson, Donald Elliott, or Stacie Leber and by or on behalf of Brianne Leber or A█████ L███ seeking to recover from Releasees, or one or more of them, for damages, costs, expenses, fees, or other liabilities that arise out of the Accident.

12. The terms and conditions set forth herein are binding and not mere recitals.

13. Releasors acknowledge that this Release Agreement constitutes a single and entire commitment as to the matters covered and is not severable or divisible.

14. Releasors declare that they have read this Release Agreement and are authorized to sign it. Robin Baird, General Counsel of RAM Aircraft, LP, declares that he has read this Release Agreement and is authorized to sign and bind

Releasees to it.

15. Releasors acknowledge and state that the consideration for this Release Agreement, including the release and dismissal of Claims described above, is fair and reasonable and has been entered into in good faith by Releasors and Releasees.

16. Releasors agree that any rule that would require any ambiguities in this Release Agreement to be interpreted against a drafter or party to this Release Agreement is hereby expressly waived.  This Release Agreement may be amended or modified only by written agreement of Releasors and Releasees.

17. This Release Agreement may be executed in counterparts, including counterparts received by facsimile or email transmission, each counterpart constituting an original.

18. This Release Agreement will not be effective until all parties have signed it.

19. This Release Agreement shall be governed and interpreted by the laws of the State of California, and any lawsuit that is required to interpret or enforce its terms shall be exclusively heard in the Superior Court in and for the County of Los Angeles.

*signature pages follow*

Date: Nov 13, 2021 _____

Karen Elliott

*Karen Elliott*
Karen Elliott (Nov 13, 2021 09:59 PST)
_____
*Signature*

Date: Nov 19, 2021 _____

Amanda Goodrich

*Amanda Goodrich*
_____
*Signature*

Date: Nov 13, 2021 _____

Steven Elliott

Steven elliott (Nov 13, 2021 10:08 PST)
_____
*Signature*

Date: Nov 19, 2021 _____

Amy Marefat

Amy Marefat (Nov 19, 2021 13:03 EST)
_____
*Signature*

Date: Nov 13, 2021 _____

Darla Casby

*Darla Casby*
Darla Casby (Nov 13, 2021 16:38 PST)
_____
*Signature*

Date: Nov 19, 2021 _____

Sommer Walls

*Sommer Walls*
Sommer Walls (Nov 19, 2021 09:09 PST)
_____
*Signature*

Date: Nov 20, 2021 _____

Bobby Leber

*Bobby Leber*
Bobby Leber (Nov 20, 2021 11:12 PST)
_____
*Signature*

Date: Nov 13, 2021 _____

Caitlyn Rose

*Caitlyn Roe*
Caitlyn Roe (Nov 13, 2021 16:40 PST)
_____
*Signature*

Date: ____Nov 19, 2021____

Nicholas DeHaro

_____
Nicholas Deharo (Nov 19, 2021 19:41 PST)
*Signature*

Date: ____Nov 20, 2021____

Brianne Leberr

*Brianne Leber*
_____
Brianne Leber (Nov 20, 2021 11:25 PST)
*Signature*

Date: ____Nov 20, 2021____

Bobby Leber as Guardian ad Litem of
A███████████

*Bobby Leber*
_____
Bobby Leber (Nov 20, 2021 11:12 PST)
*Signature*

Date: __12/1/21__

Robin Baird, General Counsel for
RAM Aircraft, LP

_____
*Signature*   (Dec. 1, 2021 - 16:20 CST)