# SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

The parties executing this agreement (collectively, "the Parties"), namely, Starr Indemnity & Liability Company ("Starr"), Dunham Trust Company ("Dunham Trust"), as Personal Representative of the Estate of Antonio Pastini ("the Pastini Estate"), Deborah L. Pastini, individually, and as Trustee of the Antonio P. Pastini Living Trust dated November 21, 2011 ("the Pastini Trust"), State Farm General Insurance Company ("State Farm"), First National Insurance Company of America ("First National"), Darla Casby, individually and as Administrator of the Estate of Roy L. Anderson, Karen Elliott, Steven Elliott, Amy Marefat, Amanda Goodrich, Sommer Walls, Bobby Leber, A████ L███, by and through her Guardian *Ad Litem*, Bobby Leber, Brianne Leber, Caitlyn Roe, and Nicholas Deharo, hereby enter into this Settlement and Release of all Claims ("the Agreement"), effective as of the last date of execution set forth at the end of this Agreement.

## RECITALS:

A.  The Claims, as that term is defined below, that are being resolved by this Agreement arise out of an aircraft accident ("the Accident") that occurred on February 3, 2019, when one Antonio P. Pastini ("Pastini"), the owner of a Cessna 414 aircraft bearing registration no. N414RS ("the Aircraft"), departed from the Fullerton Airport in Fullerton, California, believed to be bound for Minden, Nevada. Shortly after takeoff, the Aircraft broke apart in flight, with the wreckage striking a house ("the House") located in Yorba Linda, California.

B.  As a result of the Accident, Pastini, the pilot and sole occupant of the Aircraft, died, as did four occupants of the House (collectively "the Decedents"), namely, Roy L. Anderson, Donald Elliott, Dahlia Leber-Anderson and Stacie Leber. The House was destroyed by fire and nearby residences and other property were damaged by falling debris.

C.  As a result of the deaths, injuries and losses caused by the Accident, several claims and three lawsuits (all collectively, "the Liability Claims") have been brought against various persons and entities, including the Pastini Estate and Deborah Pastini, as well as a claim ("the Hull Claim") by Deborah Pastini, as former Personal Representative of the Pastini Estate, against Starr, seeking payment under the Policy described below for the physical loss of the Aircraft.

D.  Among those Liability Claims is an action commenced in December of 2019 by State Farm against the Pastini Estate in the Superior Court of the State of California for the County of Orange ("Orange County Superior Court"), styled *State Farm General Insurance Company v. Estate of Antonio P. Pastini*, case no. 30-2019-01117416-CU-NP-CJC ("the State Farm Action"), alleging negligence and seeking to recover $205,074.48 for damage claimed to two houses resulting from the Accident. (The amount of the claim was subsequently increased to $573,061.65.)

E.  Also among the Liability Claims is an action commenced in January of 2020 by the heirs of the Decedents (collectively, "the Wrongful Death Claimants") against the Pastini Estate and others, alleging wrongful death, survival, personal injuries and other losses in Orange County Superior Court, styled *Karen Elliott, et al. v. Cessna Aircraft Co., et al.*, case no. 30-2020-01128734-CU-PP-CJC ("the Wrongful Death Action"), removed to and now pending in, the United States District Court for the Central District of California ("the District Court") as case no. 8:20-cv-00378-SB-ADS.

F.  Also among the Liability Claims is an action commenced in July of 2020 by First National against the Pastini Estate in Orange County Superior Court, styled *First National Insurance Company of America as Subrogee of Dahlia Leber v. Estate of Antonio P. Pastini*, case no. 30-2020-01151707-CU-PO-CJC ("the First National Action"), alleging negligence and trespass and seeking to recover more than $674,900 for damage claimed to the House resulting from the Accident.

G.  Also among the Liability Claims is an automobile subrogation claim in the amount of $5,191.04 that was submitted by First National to Starr in July of 2021.

H.  Additionally, in January of 2021, Starr commenced an action against the other Parties listed above and others in the District Court, styled *Starr Indemnity & Liability Company v. Dunham Trust Company, et al.*, case no. 5:21-cv-00142-SB-ADS ("the Starr Action") seeking a declaratory judgment regarding its rights and obligations under its Aviation Policy no. 1000322689-01 ("the Policy"), which it issued to decedent Pastini, to adjudicate whether, under the Policy, Starr has any duty to (1) defend or indemnify any person or entity as respects the Liability Claims; or (2) indemnify any person or entity as respects the Hull Claim.

I.  As applicable to the Liability Claims, the Policy sets forth limits of liability insurance in the amount of $1 million per occurrence. For various reasons set forth in the pleadings in the Starr Action, including Starr's complaint and certain counterclaims therein, the Parties disagree whether the Policy affords coverage or potential coverage to the Pastini Estate or any other person or entity with respect to the Liability Claims or the Hull Claim.

J.  In addition to the Liability Claims listed above, the Parties acknowledge that other persons and entities may have brought, or may bring, other claims and/or lawsuits arising out of the Accident against the Pastini Estate, Deborah Pastini, and/or other persons or entities who might, but for the terms of this Agreement, seek defense and/or indemnity from Starr under the Policy with respect to such claims and/or lawsuits.

K.  It is the intention and desire of the Parties to settle, compromise, resolve and forever relinquish all Claims, as that term is defined further below, that they have asserted or could assert against each other and/or any of their Affiliates, as that term is defined further below, as respects the Accident, the Liability Claims, the Wrongful Death Action, the State Farm Action, the First National Action, the Starr Action

(collectively, "the Actions"), the Hull Claim, and any other claim or lawsuit that may have arisen, or may arise, out of the Accident.

**AGREEMENT:**

The Parties agree as follows:

1.  Consideration.

As full and valuable consideration, the sufficiency of which is hereby acknowledged by the Parties, Starr shall pay a total of $1 million and the Pastini Estate shall pay $300,000 (collectively, "the Payments"), collectively to the following persons and entities: State Farm, First National, Darla Casby, individually and as Administrator of the Estate of Roy L. Anderson, Karen Elliott, Steven Elliott, Amy Marefat, Amanda Goodrich, Sommer Walls, Bobby Leber, A█████ L█████, by and through her Guardian *Ad Litem*, Bobby Leber, Brianne Leber, Caitlyn Roe, and Nicholas Deharo (collectively, "the Liability Claimants"). Starr's payment of $1 million shall represent the total applicable liability limit of the Policy, and by virtue of this payment, the Parties agree that it shall completely exhaust all applicable liability limits of the Policy as respects the Accident.

The Payments shall be made to the Liability Claimants through their counsel in the form of one or more drafts, as set forth in instructions that shall be provided by counsel for each of the Liability Claimants to respective counsel for Starr and the Pastini Estate, within fourteen days after (1) the last date upon which all such instructions have been given to such counsel; or (2) all applicable conditions precedent set forth in paragraph 2, below, are satisfied, whichever comes later. Additionally, counsel for the Liability Claimants shall promptly provide to counsel for Defendants a social security number, if any, for each individual Liability Claimant upon request, as needed for tax reporting purposes.

2.  Conditions Precedent.

    2.1  Guardianship and Minors' Compromise Approval.

This Agreement, and the duty to make the Payments thereunder, is contingent upon the issuance, based upon the application of the relevant plaintiffs in the Wrongful Death Action, of orders from the Court, both (1) appointing a guardian *ad litem* for the minor Liability Claimant who does not already have one, if and to the extent required by law (see California Code of Civil Procedure section 372); and (2) obtaining the Court's approval of a minor's compromise with respect to each minor Liability Claimant's entering into this Agreement, if and to the extent required by law (see California Probate Code section 3500), approving the Releases (as that term is defined below) of all Claims.

### 2.2 Nevada Probate Court Approval.

This Agreement, and the duty to make the Payments thereunder, is further contingent upon the approval of its terms by the Nevada Court in the probate proceeding pending in the Ninth Judicial District Court for the State of Nevada, County of Douglas, styled *In the Matter of Estate of Antonio Pastini*, case no. 19-PB-0092.

### 2.3 "Good-Faith" Settlement Determination.

This Agreement, and the duty to make the Payments thereunder, is further contingent upon an express finding by the District Court in the Wrongful Death Action that it is in "good faith" within the meaning of California Code of Civil Procedure sections 877 and 877.6.

## 3. Dismissal of All Actions.

No later than ten business days after their receipt of both Payments, the Liability Claimants (and Starr, in the Starr Action) shall cause to be filed in each respective court a dismissal (or as applicable, stipulation for dismissal) with prejudice of the Action pending in that court, and then within seven days thereafter send a conformed copy of that dismissal or stipulation to all other counsel. The Wrongful Death Claimants may elect not to dismiss that part of the Wrongful Death Action that is directed against entities that are not Parties to this Agreement.

## 4. Release.

### 4.1 Release.

In consideration of the Payments and their abandonment of all Claims that they may have against each other, the Parties do hereby forever release and discharge each other, including their Affiliates, and each of them, from any and all Claims. This release shall be deemed the "Release."

### 4.2 Definition of "Claims".

The term "Claims" means and includes, without limitation, any and all claims, demands, actions, causes of action, lawsuits, obligations, costs, costs of court, expenses, attorneys' fees, expert witness fees, consultant fees, damages, interest, losses and liabilities of whatever nature, character or kind, whether known or unknown, suspected or unsuspected, matured or contingent, that concern or relate in any way to the Starr Action, the Accident, the Liability Claims, the Hull Claim, and/or any matters alleged or that could have been alleged to have arisen therefrom, including, but not limited to, allegations of personal injury, emotional distress, property damage, property loss, loss of use of property, theft, claims for breach of contract and/or breach of the covenant of good faith and fair dealing, including, but not limited to, such claims involving the Policy, statutory claims, economic loss, wrongful death, indemnity, contribution, declaratory relief, apportionment of fault, or damages of any type arising in any way therefrom or

relating in any way thereto.

"Claims" shall also include, without limitation, any and all Claims, as that term is defined above, (1) by the Pastini Estate against Starr under the Policy seeking indemnity for the Hull Claim; (2) by the Pastini Estate against Starr under the Policy seeking defense and/or indemnity, whether first-party or third-party, as respects any other losses or claims or actions of or brought against the Pastini Estate arising out of the Accident; or (3) by Starr against the Pastini Estate or any other person or entity claiming to qualify as an insured under the Policy, seeking reimbursement of Starr's $1 million Payment described above or any other amount under the Policy.

### 4.3   Definition of "Affiliates".

The term "Affiliates" means and includes each Party's agents, related entities, owners, servants, employees, employers, attorneys, representatives, predecessors, successors, principals, agents, dependents, assignees, assignors, officers, officials, partners, subsidiaries, insurers, sureties and any and all entities in which that Party holds an ownership interest, and each of them. "Affiliates" includes any and all persons and entities involved or alleged to have been involved in any way in the Accident, regardless of whether at this time their identities or involvement are known, as well as the Affiliates of each of them, except as set forth below in paragraph 4.5.

### 4.4   General Release.

This Agreement creates a general release of all Claims against each Party and his, her or its Affiliates. Each Party represents, acknowledges and agrees that he, she or it has had the opportunity to be advised by legal counsel of his, her or its choice of the existence of section 1542 of the California Civil Code, which provides as follows:

> *"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."*

With respect to the Release, each Party hereby waives any and all rights and/or benefits that he, she or it has or may have under California Civil Code section 1542 or any other statutes or common-law principles of similar substance and effect, and further represents, acknowledges and agrees that his, her or its knowing and voluntary waiver of the provisions of California Civil Code section 1542 and all similar statutes or principles is an essential and material term of this Agreement without which the consideration set forth herein and relating hereto would not have been delivered.

### 4.5   No Release of Product Liability Claims against Non-Parties.

The Release shall not inure to the benefit of any persons or entities who are not asserted insureds under the Policy, or not named as Parties to this Agreement, or not

identified herein as Affiliates, against whom the Liability Claimants may have Claims asserting alleged defects in the design, manufacture or distribution of the Aircraft and/or any of its component parts or systems.

5. <u>Compromise and No Admissions.</u>

This Agreement and the Release contained herein effect the compromise and settlement of disputed and contested Claims. Nothing contained herein shall be construed as an admission by any person or entity of any liability of any kind, and each Party and his, her or its Affiliates expressly denies all allegations directed against him, her or it.

6. <u>Material Covenants.</u>

Each paragraph of this Agreement contains material warranties, covenants, terms and conditions, and in the event any Party breaches any single warranty, covenant, term or condition, the other Party and/or his, her or its Affiliates may bring a claim against the breaching Party to enforce this Agreement and/or to be made whole for the damages resulting from such breach.

7. <u>Ownership of Claims.</u>

Each Party covenants, acknowledges, represents, warrants and agrees as a material condition of this Agreement that he, she or it has not previously assigned or transferred, or purported to assign or transfer, any claim, matter, or cause of action, which is being released herein, and is the sole legal owner and holder of all Claims and rights hereby released. The Wrongful Death Claimants represent, warrant and covenant with respect to the respective Decedents for whose death they have brought a claim in the Wrongful Death Action, that (1) they are the only lawful heirs and/or successors of such Decedents who are lawfully entitled to any proceeds, monies or revenue arising out of their deaths; (2) they have authority to act on behalf of any and all known heirs or dependents who may claim to be entitled by law to recover damages as a result of such deaths; and (3) they have complete, full and final binding authority to compromise, settle, waive, discharge and release any and all Claims, rights, demands, disputes or issues of any and all persons and/or entities of any kind who may claim a right to recover damages as a result of such deaths. Each Party shall defend, indemnify and hold harmless each other Party and his, her or its Affiliates from any claims or rights asserted by any third parties asserting the liability of said Party and/or his or her or its Affiliates with respect to any matters that are released by this Agreement. [1]

8. <u>Signing Authority.</u>

---

[1] It is understood by all the parties signing this Agreement that State Farm is specifically excluded from the defend, indemnify and hold harmless as it relates solely to its claims.

Each natural person signing this Agreement on behalf of an entity represents and warrants that he or she has the authority to bind such entity to this Agreement, and each person signing on behalf of a minor Party represents that he or she has the authority to bind that minor Party to all the terms and conditions of this Agreement.

9. <u>No Liens.</u>

The Parties represent, warrant and covenant that they have not heretofore, individually or collectively, assigned, transferred, subrogated or liened, or purported to assign, transfer, subrogate or lien to any other individual or entity of any kind, in any way, including, but not limited to, voluntarily or by operation of law, any portion of or interest in the Claims, demands, liens, fees, costs, warranties, liabilities, and/or any other rights of any kind released herein. The Parties further represent, warrant and covenant that they have paid or will pay any and all liens or claims against them, their attorneys, agents, employees, consultants and experts relating to their Claims in the Action, including, but not limited to, medical and workers' compensation liens, benefits from Medicare, Medicaid, Health Management Services of America, Centers for Medicare & Medicaid Services, Social Security, federal or state welfare, disability (health and/or income, temporary or permanent) insurance, and/or health insurance benefits (all collectively referred to as "Benefits"). The Parties represent, warrant and agree that any claim on such lien or seeking reimbursement of such Benefits shall be satisfied out of the proceeds of the Payments set forth above. In the event any such lien or Benefits claim is commenced and/or initiated against any Party relating to any such lien or Benefit, the Party against whom such claim is asserted shall appear or intervene through counsel of his, her or its choice and cause said claim to be extinguished. If the Parties against whom such claim is asserted are unsuccessful in procuring the discharge or dismissal of any such claim, they will defend and hold harmless at their own expense each other Party for any financial responsibility asserted against said Party in connection with that claim. [2]

10. <u>Taxation.</u>

The Parties acknowledge and understand that there may be certain tax consequences connected with entering into this Agreement and, by executing this Agreement, each Party confirms that neither the other Party nor the other Party's counsel have made any representations in that regard. Any Party receiving a portion of the Payments further acknowledges that, if it is determined that such portion is subject to taxation, he, she or it alone shall bear the responsibility for paying such obligations.

11. <u>Cooperation.</u>

The Parties agree to execute, acknowledge and deliver such further and

---

[2] It is understood by all the parties signing this Agreement that State Farm is specifically excluded from the defend, indemnify and hold harmless as it relates solely to its claims.

additional instruments and documents as reasonably may be required or appropriate to implement, confirm or perfect the provisions and intentions of this Agreement, including but not limited to the negotiation and execution of a stipulation for dismissal under Fed.R.Civ.P. 41(a), of the District Court actions with prejudice, with each Party bearing his, her or its own attorney fees and other fees and costs of court.

12. <u>Waiver and Amendment.</u>

This Agreement may be amended only by a written agreement executed by all Parties at the time of the modification. No breach of any provision hereof may be waived except by such a signed writing. Waiver of any one breach shall not be deemed to be a waiver of any other breach of the same or any other provision of this Agreement.

13. <u>Governing Law.</u>

This Agreement shall be governed by, construed and enforced in accordance with, the laws of the State of California, without regard to principles of conflicts of law. Venue for any proceeding to construe or enforce this Agreement shall be the Superior Court in and for the County of Los Angeles.

14. <u>Construction.</u>

Each Party has had the opportunity to have counsel review and revise this Agreement, and any rule of construction to the effect that any ambiguities in an agreement are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

15. <u>Severability.</u>

If any part of this Agreement is found by a court of competent jurisdiction to be invalid or unenforceable, the Parties agree (a) to abide by every other part of the Agreement; and (b) that the Agreement shall be construed, if possible, as though the invalid or unenforceable part of the Agreement had been omitted from the Agreement.

16. <u>Entire Agreement.</u>

This Agreement represents the entire agreement between the Parties and supersedes all prior agreements and discussions. There are no warranties, representations, agreements, promises or terms other than those set forth herein.

17. <u>Copies.</u>

Accurate and legible photocopied, faxed, emailed, scanned or PDF versions of this Agreement shall have the same legal effect as the original, to the fullest extent possible consistent with the California Uniform Electronic Transactions Act (California Civil Code section 1633.1, *et seq.*) ("the Act"). As contemplated in that Act, an electronic signature shall be as valid and binding as an ink signature, and true and correct

DocuSign Envelope ID: 2B768983-2E04-4EC7-B2CA-BD084083463E

electronically-transmitted copies of this Agreement shall be as valid as originals.

18. <u>Understanding.</u>

Each Party represents, warrants and agrees that he, she or it has:

18.1   Had the opportunity to receive independent legal advice from his, her or its attorneys with respect to the advisability of making the settlement provided for herein and executing this Agreement; and

18.2   Made such investigation of the facts pertaining to the settlement and the release of all matters pertaining hereto as he, she or it deems necessary or desirable.

19. <u>Voluntary Agreement.</u>

Each Party represents and declares that he, she or it has carefully read this Agreement and knows the contents thereof and signs the same freely and voluntarily.

20. <u>Attorneys' Fees and Costs.</u>

Each Party shall bear his, her or its own attorney's fees and costs. Should any Party or Affiliate reasonably retain counsel for the purpose of enforcing or preventing the breach of any provision of this Agreement, including, but not limited to, instituting an action to enforce any provision hereof, for a declaration of such person or entity's rights or obligations hereunder or for any other judicial remedy, then, if said matter is settled by judicial determination, the prevailing party shall be entitled to be reimbursed by the losing party for all costs and expenses incurred thereby, including, but not limited to, reasonable attorneys' fees for the services rendered to such prevailing party.

**IN WITNESS WHEREOF**, the Parties have each executed this Agreement as of the date written below.

Dated: 13 April 2022 , 2022

STARR INDEMNITY & LIABILITY COMPANY

By: _Dave Fitzgerald_
DAVID FITZGERALD
Global Chief Claims Officer
Starr Adjustment Services, Inc.

Dated: _____, 2021

DUNHAM TRUST COMPANY,
[in its capacity as Personal Representative of the Estate of Antonio Pastini]

By:_____
    DAVID OSGOOD
    Senior Trust Officer

Dated: April 7, 2022 ~~2021~~

STATE FARM GENERAL INSURANCE COMPANY

By: Robin Merrell (Digitally signed by Robin Merrell, Date: 2022.04.07 08:37:53 -05'00')
    [NAME]

Dated: April 14, 2022 ~~2021~~

FIRST NATIONAL INSURANCE COMPANY OF AMERICA

By: [signature]
    BETTY HAO
    Senior Subrogation Specialist

Dated: _____, 2021

DEBORAH L. PASTINI, individually and as Trustee of the Antonio P. Pastini Living Trust dated November 21, 2011

Dated: _____, 2021

AMANDA GOODRICH

Dated: _____, 2021

BOBBY LEBER

Dated: _____, 2021

[REDACTED], by and through her Guardian *Ad Litem*, BOBBY LEBER

Dated: _____, 2021

BRIANNE LEBER

Dated: _____, 2021

CAITLYN ROE

DocuSign Envelope ID: 2B768983-2E04-4EC7-B2CA-BD084083463E

Dated: March 28, 2022

DUNHAM TRUST COMPANY,
[in its capacity as Personal Representative of the Estate of Antonio Pastini]

By: _____
DAVID OSGOOD
Senior Trust Officer

Dated: _____, 2022

STATE FARM GENERAL INSURANCE COMPANY

By: _____
[NAME]

Dated: _____, 2022

FIRST NATIONAL INSURANCE COMPANY OF AMERICA

By: _____
BETTY HAO
Senior Subrogation Specialist

Dated: _____, 2022

_____
DEBORAH L. PASTINI, individually and as Trustee of the Antonio P. Pastini Living Trust dated November 21, 2011

Dated: 3/24/2022 | 4:32 PM EDT, 2022

—DocuSigned by:
Amanda Goodrich
AMANDA GOODRICH

Dated: 3/24/2022 | 5:01 PM PDT, 2022

—DocuSigned by:
Bobby Leber
BOBBY LEBER

Dated: 3/24/2022 | 5:01 PM PDT, 2022

—DocuSigned by:
Bobby Leber
A.L., by and through her Guardian Ad Litem, BOBBY LEBER

Dated: 3/25/2022 | 12:06 PM PDT, 2022

—DocuSigned by:
Brianne Leber
BRIANNE LEBER

Case 8:20-cv-00378-SB-ADS   Document 103   Filed 07/12/22   Page 12 of 18   Page ID #:983
DocuSign Envelope ID: 2B768983-2E04-4EC7-B2CA-BD084083463E

Dated: _____, 2022  DUNHAM TRUST COMPANY,
[in its capacity as Personal Representative of the Estate of Antonio Pastini]

By:_____
    DAVID OSGOOD
    Senior Trust Officer

Dated: _____, 2022  STATE FARM GENERAL INSURANCE COMPANY

By:_____
    [NAME]

Dated: _____, 2022  FIRST NATIONAL INSURANCE COMPANY OF AMERICA

By:_____
    BETTY HAO
    Senior Subrogation Specialist

Dated: 4-4, 2022  *Deborah L Pastini*
DEBORAH L. PASTINI, individually and as Trustee of the Antonio P. Pastini Living Trust dated November 21, 2011

Dated: 3/24/2022 | 4:32 PM EDT, 2022  *Amanda Goodrich*
AMANDA GOODRICH

Dated: 3/24/2022 | 5:01 PM PDT, 2022  *Bobby Leber*
BOBBY LEBER

Dated: 3/24/2022 | 5:01 PM PDT, 2022  *Bobby Leber*
A.L., by and through her Guardian *Ad Litem*, BOBBY LEBER

Dated: 3/25/2022 | 12:06 PM PDT, 2022  *Brianne Leber*
BRIANNE LEBER

*Settlement Agreement and Release of all Claims, Page 10 of 13*

Dated: 3/24/2022 | 9:39 PM PDT , 2022           _____
                                                CAITLYN ROE

Dated: 3/24/2022 | 7:04 PM CDT , 2022           _____
                                                KAREN ELLIOTT

Dated: 3/24/2022 | 2:30 PM PDT , 2022           _____
                                                STEVEN ELLIOTT

Dated: 3/24/2022 | 6:24 PM PDT , 2022           _____
                                                SOMMER WALLS

Dated: 3/25/2022 | 12:09 PM PDT , 2022          _____
                                                NICHOLAS DEHARO

Dated: 3/24/2022 | 4:41 PM PDT , 2022           _____
                                                AMY MARFEAT

Dated: 3/25/2022 | 4:43 PM PDT , 2022           _____
                                                DARLA CASBY, individually and as
                                                Administrator of the Estate of Roy L.
                                                Anderson

**APPROVED AS TO FORM:**

Dated: _____, 2022                         LaMONTAGNE & AMADOR LLP


                                                By:_____
                                                    RALPH S. LaMONTAGNE, JR.
                                                Attorneys for STARR INDEMNITY &
                                                LIABILITY COMPANY

DocuSign Envelope ID: 2B768983-2E04-4EC7-B2CA-BD084083463E

Dated: 3/24/2022 | 9:39 PM PDT, 2022

*Caitlyn Roe*
CAITLYN ROE

Dated: 3/24/2022 | 7:04 PM CDT, 2022

*KAREN ELLIOTT*
KAREN ELLIOTT

Dated: 3/24/2022 | 2:30 PM PDT, 2022

STEVEN ELLIOTT

Dated: 3/24/2022 | 6:24 PM PDT, 2022

*Sommer Walls*
SOMMER WALLS

Dated: 3/25/2022 | 12:09 PM PDT, 2022

NICHOLAS DEHARO

Dated: 3/24/2022 | 4:41 PM PDT, 2022

AMY MAREBA

Dated: 3/25/2022 | 4:43 PM PDT, 2022

*Darla Casby*
DARLA CASBY, individually and as Administrator of the Estate of Roy L. Anderson

APPROVED AS TO FORM:

Dated: 4/13, 2022

LaMONTAGNE & AMADOR LLP

By: *Ralph LaMontagne*
RALPH S. LaMONTAGNE, JR.
Attorneys for STARR INDEMNITY & LIABILITY COMPANY

DocuSign Envelope ID: 2B768983-2E04-4EC7-B2CA-BD084083463E

Dated: March 28, 2022         SMITH SMITH & FEELEY LLP

By: /s/ Phillip E. Smith
PHILLIP E. SMITH
Attorneys for DUNHAM TRUST COMPANY, in its capacity as Personal Representative of the Estate of Antonio Pastini

Dated: _____, 2022         OSHINSKI & FORSBERG, LTD

By: _____
RICHARD A. OSHINSKI
Attorneys for DEBORAH L. PASTINI, individually and as Trustee of the Antonio P. Pastini Living Trust dated November 21, 2011

Dated: _____, 2022         WATKINS AND LETOFSKY LLP

By: _____
MICHAEL F. LONG
Attorneys for STATE FARM GENERAL INSURANCE COMPANY

Dated: _____, 2022         JANG AND ASSOCIATES LLP

By: _____
STEPHANIE A. YEE
Attorneys for FIRST NATIONAL INSURANCE COMPANY OF AMERICA

Dated: _____, 2022     SMITH SMITH & FEELEY LLP

By:_____
    PHILLIP E. SMITH
Attorneys for DUNHAM TRUST COMPANY, in its capacity as Personal Representative of the Estate of Antonio Pastini

Dated: *March 28*, 2022     OSHINSKI & FORSBERG, LTD

By: *[signature]*_____
    RICHARD A. OSHINSKI
Attorneys for DEBORAH L. PASTINI, individually and as Trustee of the Antonio P. Pastini Living Trust dated November 21, 2011

Dated: _____, 2022     WATKINS AND LETOFSKY LLP

By:_____
    MICHAEL F. LONG
Attorneys for STATE FARM GENERAL INSURANCE COMPANY

Dated: _____, 2022     JANG AND ASSOCIATES LLP

By:_____
    STEPHANIE A. YEE
Attorneys for FIRST NATIONAL INSURANCE COMPANY OF AMERICA

Dated: _____, 2022       SMITH SMITH & FEELEY LLP

By:_____
       PHILLIP E. SMITH
Attorneys for DUNHAM TRUST COMPANY, in its capacity as Personal Representative of the Estate of Antonio Pastini

Dated: _____, 2022       OSHINSKI & FORSBERG, LTD

By:_____
       RICHARD A. OSHINSKI
Attorneys for DEBORAH L. PASTINI, individually and as Trustee of the Antonio P. Pastini Living Trust dated November 21, 2011

Dated: 4/7, 2022              WATKINS AND LETOFSKY LLP

By: /s/ Michael F. Long
       MICHAEL F. LONG
Attorneys for STATE FARM GENERAL INSURANCE COMPANY

Dated: 4/18, 2022             JANG AND ASSOCIATES LLP

By: /s/ Stephanie A. Yee
       STEPHANIE A. YEE
Attorneys for FIRST NATIONAL INSURANCE COMPANY OF AMERICA

Case 8:20-cv-00378-SB-ADS   Document 103   Filed 07/12/22   Page 18 of 18   Page ID #:989

Dated: April 7, 2022

McNICHOLAS AND McNICHOLAS LLP

By: _____
MATTHEW McNICHOLAS
Attorneys for AMANDA GOODRICH, BOBBY LEBER, A▮▮▮▮ L▮▮▮, BRIANNE LEBER, CAITLYN ROE, KAREN ELLIOTT, STEVEN ELLIOTT, SOMMER WALLS, NICHOLAS DEHARO, DARLA CASBY, and AMY MAREFAT